IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DARNELL DELK** | § | |
| **(TDCJ No. 399832)** | § | |
| | § | |
| V. | § | A-21-CV-861-RP |
| | § | |
| **ROBERT PERKINS,** | § | |
| et al. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, paid the full filing fee for this case.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Polunsky Unit of the Texas Department of Criminal Justice. Plaintiff is in state custody pursuant to three judgments and sentences: a 1985 aggravated robbery conviction for which he was sentenced to 90 years in prison; a 1992 conviction for aggravated assault on a correctional officer for which he was sentenced to 18 years in prison; and a 1993 conviction for possession of a deadly weapon in a

1

penal institutional for which he was sentenced to seven years in prison. Plaintiff's sentences are running consecutively.

In his complaint Plaintiff sues former Travis County District Judge Robert Perkins, an unnamed retired Travis County District Attorney, Travis County District Judge Chantal Eldridge, former District Attorney Margaret Moore, and the judges of the Texas Court of Criminal Appeals. Plaintiff generally seeks "Declaratory and Injunctive Relief, Rights Restored."

According to Plaintiff, he was unaware an attorney filed a direct appeal of his 1985 conviction. He claims he learned this four years later when the State Counsel for Offenders informed him his conviction was affirmed. Plaintiff asserts he requested his trial records and appellate briefs from the trial court, but Judge Perkins denied his request on April 20, 1989. He asserts he filed a state application for habeas corpus relief without the record on March 29, 1990, but the Texas Court of Criminal Appeals denied it on April 10, 1990.[1]

Plaintiff claims he filed a request for his record again in 1990. Judge Perkins denied the request on or about August 30, 1990.[2]

Plaintiff asserts someone purchased the record for him in 2004 and an attorney was hired to "present new facts," presumably in a subsequent application for habeas corpus relief.[3]

---

[1] Records for the Texas Court of Criminal Appeals indicate it received Plaintiff's first state application for habeas corpus relief from the trial court on April 24, 1990, and denied the application on August 22, 1990, without written order. *See Ex Parte Delk*, No. WR-21,415-01.

[2] Plaintiff appears to have filed an original writ of mandamus with the Court of Criminal Appeals requesting a free transcript. *See Ex Parte Delk*, No. WR-21,415-02. The Court of Criminal Appeals denied it on February 27, 1991. *Id.*

[3] The Texas Court of Criminal Appeals received Petitioner's 2004 application for habeas corpus relief from the trial court on October 12, 2004, and dismissed it as non-compliant on October 20, 2004. *See Ex Parte Delk*, No. WR-21,415-03. On June 14, 2005, the Court of Criminal Appeals received from the trial court another application for habeas corpus relief filed by Plaintiff. The Court of Criminal Appeals

Plaintiff alleges the date of his original request for records was changed to a different date. Plaintiff believes the trial judge and the Travis County District Attorney's Office conspired to change the date and this deprived him of due process. Relatedly, he asserts the Texas Court of Criminal Appeals refuses to consider his evidence and cited Plaintiff for abuse of the writ without giving him notice and ten days to refute the allegation.

Plaintiff states he attempted to file a motion for nunc pro tunc to correct the dates, but his motion was refused. He contends this prevented him from being able to demonstrate due diligence in habeas corpus proceedings challenging his 1985 conviction.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. The Court ordered Plaintiff to state what acts each of the named defendants did to violate his constitutional rights. The Court also ordered Plaintiff to state exactly the relief he wants.

Plaintiff repeats that Judge Robert Perkins allegedly changed the date of Plaintiff's motion seeking a copy of the trial record and this prevented him from showing due diligence in a subsequent habeas corpus application. As evidence of this, Plaintiff presents the Court with the State's answer to Plaintiff's state habeas application and the trial court's findings of fact and recommendation. Plaintiff contends the only way the State's answer and the court's findings could contain the same incorrect date is if the prosecutor and judge conspired. Plaintiff says this change in date makes it look like Plaintiff did not use due diligence before he filed his habeas corpus application in 2004. Plaintiff indicates he tried to have the error corrected by Judge Chantal Eldridge, but she ignored his evidence. He similarly argues subsequent Travis County District Attorneys are responsible for

---

dismissed that application as successive and cited Plaintiff for abuse of the writ. *See Ex Parte Delk*, No. WR-21,415-04.

3

correcting the error. In addition, Plaintiff contends the judges of the Texas Court of Criminal Appeals could easily solve the entire issue.

For relief Plaintiff requests the Court to order the state court to address the new facts presented in subsequent state applications for habeas corpus relief and to remove the abuse of the writ citation. Plaintiff also requests the Court to take over his state criminal appeals rights and issue a declaration that Plaintiff has the right to redress his grievances in court without governmental interference and with an impartial judicial tribunal, proper notice of a citation for abuse of the writ, and at least ten days to refute the allegation.

DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.  Mandamus Relief

Plaintiff's complaint should be construed as a petition for writ of mandamus. State court records reflect Plaintiff has filed 14 state applications for habeas corpus relief and three original writs of mandamus regarding his 1985 conviction.[4] In his instant civil-rights complaint Plaintiff challenges the state court's actions or inactions in his state habeas corpus proceedings and seeks mandamus relief against the state courts.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

---

[4] Plaintiff is also no stranger to this Court. Plaintiff has filed eight petitions for writ of habeas corpus challenging his 1985 conviction for aggravated robbery or denial of parole. Plaintiff must first obtain authorization from the Fifth Circuit Court of Appeals to file a subsequent petition for writ of habeas corpus in federal court challenging his 1985 conviction.

Since Plaintiff seeks only declaratory and mandamus relief against state actors, his request lacks an arguable basis in law and should be dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

## RECOMMENDATION

It is therefore recommended that Plaintiff's civil-rights complaint be construed as a petition for writ of mandamus and be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on January 20, 2022.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE